FILED
DEC 8 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL COOK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

NO. C 06 05950 RS

**ORDER DENYING MISCELLANEOUS MOTIONS, AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

THE ORDER ENTERED HEREIN ON DECEMBER 7, 2006, IS HEREBY VACATED, and the following order is entered in its place:[1]

Plaintiff Michael Cook, appearing *pro se*, initiated this action in the small claims division of the Santa Clara County Superior Court, naming as defendant Lydia Balano, an employee of the Social Security Administration. Pursuant to 28 C.F.R. § 15.3 and 28 U.S.C. § 2679 (d), the United States Attorney certified that Balano was acting within the course and scope of her employment with reference to the matters alleged in the complaint, thereby permitting removal of the action to this court and automatic substitution of the United States as the defendant.

The United States now moves for dismissal on the grounds that: (1) to the extent Cook is attempting to state a tort claim, he failed to present first an administrative claim as required by the Federal Tort Claims Act, 28 U.S.C. 2675; and (2) to the extent Cook is attempting to challenge a

---

[1] The prior order directed that this action be reassigned to a District Court judge, because the fact that plaintiff had filed a timely consent to the jurisdiction of the undersigned was overlooked. As all parties have consented, this action will remain before the undersigned.

decision made by the Commissioner of Social Security regarding the payment of benefits, he has failed to undertake the administrative review process that is a prerequisite to suit. See 42 U.S.C. § 405 (g) and (h). Cook, who is presently serving a fifteen-year prison term with ten years remaining, filed an opposition to the motion after the time the defendant's reply brief was due, and requested that the Court provide a copy to the United States, which it has done.[2] In view of the disposition recommended herein, the United States has not been prejudiced by Cook's failure to file a timely opposition.

Cook's complaint, filed on a California small claims court form, alleges only that he is owed $1700 and states the basis of the claim as: "In refusal to correspond pertaining to negotiated contract dealings. For accounts owed and unnegotiated." Thus, although the basis of the claim is not entirely intelligible, as alleged, it appears to be seeking money damages. Nothing in Cook's late filed opposition casts doubt on defendant's showing that Cook filed no administrative claim under the Tort Claims Act and pursued no administrative review process to the extent he is challenging a benefits decision.[3] Accordingly, dismissal of the action is warranted.

Nevertheless, a district court ordinarily must give a *pro se* litigant an opportunity to amend his or her complaint, unless it is absolutely clear that no amendment could cure the defect. See *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Here, even in the absence of Cook's late-filed opposition, it would appear premature to conclude that any amendment would be futile. Furthermore, although Cook's opposition is not entirely clear, it appears that he may be attempting to state a claim that would not implicate either the Tort Claims Act or 42 U.S.C. § 405. Whether any such claim is cognizable would be better adjudicated once plaintiff has been given an opportunity to

---

[2] Cook is advised that if he sends any further papers to the Court, he *must* send a copy of such papers to Chinhayi J. Coleman, Assistant United States Attorney, 150 Almaden Blvd., Suite 900, San Jose, CA 95113.

[3] Contrary to an assertion by the United States, however, it would not *necessarily* be too late for Cook to comply with the Tort Claims Act, if he is pursuing a tort claim. Subparagraph (d) (5) of 28 U.S.C. § 2679 provides that when the United States is substituted as a defendant under the procedure employed here and the action is subsequently dismissed for failure to comply with the Tort Claims Act, the claimant then has sixty days within which to present the claim, provided that a claim would have been timely on the date that the action was filed.

plead it.

Finally, Cook entitled his opposition to this motion as including a "motion for discovery" and a "motion for summary judgment." Cook also subsequently filed a separate "motion to compel discovery," and a "motion for disclosure or discovery," but he has failed to establish that summary judgment is appropriate or that defendant has failed to comply with any discovery obligations in this action. Accordingly, those "motions" are hereby denied.[4] That being said, it appears there is a possibility that Cook initiated this action at least in part because he had failed to receive certain information regarding the status of his social security benefits, or at least that he failed to understand the situation. Accordingly, to the extent defendant's counsel can ascertan what information Cook is seeking, and to the extent such information reasonably could be provided to Cook, defendant is encouraged to do so.

IT IS HEREBY ORDERED that the complaint is dismissed. Cook may file an amended complaint within 30 days of the date of this order. If he does not do so, the action will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: 12/8/06

RICHARD SEEBORG
United States Magistrate Judge

---

[4] Cook also filed a "Motion for Stipulation of Out of Court Settlement," which appears to request that the Court somehow compel the United States to reach a settlement with Cook. The motion seeks no cognizable relief and is hereby denied.

C 06 05950 RS

3

1  **THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WAS MAILED TO:**

2  Michael Cook
   T-79529
3  California State Prison
   Post Office Box 8800
4  Corcoran, CA 93212

5  Chinhayi J. Coleman
   US Attorney's Office, Northern District
6  150 Almaden Blvd., Suite 900
   San Jose, CA 95113-2009
7

8  Dated: December 8, 2006

9
10  _____
    Chambers of Magistrate Judge Richard Seeborg
11