*E-FILED 6/13/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL COOK,<br><br>          Plaintiff,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant._____/ | NO. C 06 05950 RS<br><br>**ORDER DENYING MISCELLANEOUS MOTIONS, AND GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

Plaintiff Michael Cook is presently incarcerated and appears in this action *pro se.* Although none of the papers he has filed in this matter, including the document labeled as an amended complaint, is entirely clear, over the course of his various filings the following alleged facts emerge as the apparent basis of his claim:

(1) At some point in or around 2005, Cook learned that the Social Security Administration ("SSA") had sent a Notice of Overpayment to him. Cook asserts that he never received the original Notice, and that he believes it was returned to the SSA as undeliverable, and that SSA records would show that to be the case.

(2) At or around the same time, Cook became aware that certain Social Security benefits checks had been mailed to him that he had never received. Again, Cook believes that SSA records would show that those checks were returned to SSA as undeliverable and that they were never cashed.

(3) Specifically, Cooks asserts that his benefit checks were returned as undeliverable and uncashed in the months of November and December of 2001; January and February of 2002, and

1  October through December of 2002.  Thus, a total of seven checks appear to be at issue.

2  (4)  As a result of the foregoing, Cook contends his due process rights have been violated.

4  Defendant now moves for a second time[1] to dismiss this action on grounds that : (1) to the
5  extent Cook is attempting to state a tort claim, he failed to present an administrative claim prior to
6  filing as required by the Federal Tort Claims Act, 28 U.S.C. 2675  ("FTCA"),[2] and; (2) to the extent
7  Cook is attempting to challenge a decision made by the Commissioner of Social Security regarding
8  the payment of benefits, he has failed to undertake the administrative review process that is a
9  prerequisite to suit.  See 42 U.S.C. § 405 (g) and (h).  The motion to dismiss is granted, without
10 leave to amend.

11 As to Cook's claims that he was denied due process as a result of his alleged failure to
12 receive the original notice of overpayment, on February 27, 2007, the SSA issued an amended notice
13 of overpayment that Cook undisputedly received and which expressly triggered a new administrative
14 appeal period.  Additionally, it is undisputed that Cook in fact initiated a timely administrative
15 appeal in connection with the amended notice.  Finally, in subsequent filings in this Court, Cook has
16 omitted his complaints relating to his alleged failure to receive the original notice of overpayment.
17 Accordingly, the Court concludes that any claims relating to Cook's alleged failure to receive the
18 original notice of overpayment have been abandoned as moot.

19 As to Cook's claims that the seven checks he identifies remain his property, defendant is
20 correct that Cook must first exhaust his administrative remedies before resorting to Court action

---

[1]  Defendant's first motion to dismiss was granted, with leave to amend, on December 8, 2006.

[2]  In a supplemental declaration submitted after the motion to dismiss was filed, defendant acknowledges that Cook apparently filed a claim under the FTCA on February 26, 2007, and that the SSA denied the claim.  Defendant contends that submission of a claim under the FTCA *after* commencement of litigation does not cure the jurisdictional defect.  As noted in the Court's prior order, Subparagraph (d) (5) of 28 U.S.C. § 2679 provides that when the United States is substituted as a defendant in an action against a government employee and the action is subsequently dismissed for failure to comply with the Tort Claims Act, the claimant then has sixty days within which to present the claim, provided that a claim would have been timely on the date that the action was first filed.  Defendant has not addressed the possible effect of this provision.  Nevertheless, the Court agrees that Cook has not stated an actionable tort claim.

United States District Court
For the Northern District of California

1  regarding those claims. Cook has not exhausted those remedies, but now has taken steps to do so.
2  Defendant is cautioned, however, that there appears to be at least some factual disputes between the
3  parties that may need to be resolved as part of, or in addition to, the administrative process. For
4  example, the SSA's amended notice includes January and December of 2002 in the list of months
5  that Cook purportedly was "overpaid." According to Cook's allegations in this action, he never
6  received those checks. Without opining as to what the legal result should be if those checks were
7  negotiated by someone other than Cook, it appears that the circumstances surrounding those checks
8  may warrant some investigation or analysis during the administrative review process beyond simply
9  determining whether or not Cook was incarcerated during those months.

10  Conversely, Cook is advised that he does not hold a property interest in, or due process
11  rights arising from, checks that the SSA may have sent to him in error, if he did not cash those
12  checks. In other words, if the SSA erroneously sent Cook a check for any month during which he
13  did not qualify for benefits, either because he was incarcerated or for any other reason, but Cook did
14  not receive or cash the check, then Cook has no claim if the SSA is not now attempting to recover
15  for "overpayment" on that check. It appears that Cook is contending that he has some rights with
16  respect to the checks purportedly sent (but not received or cashed by him) for November and
17  December of 2001; February of 2002; and October through November of 2002. The SSA, however,
18  does not appear to be attempting to collect for "overpayment" on any of those checks. Accordingly,
19  unless Cook can establish in a timely-filed administrative review process that he *should* have been
20  sent checks for those months, the mere fact that he contends he *was* sent checks for those months
21  (which he did not receive) does not give him any right to those monies or give rise to any due
22  process rights.

23  In view of the above, defendant's motion to dismiss must be granted. Cook has failed to
24  allege a claim upon which relief can be granted at this point in time. In view of the fact that Cook
25  was given leave to amend previously, and in light of the entire record, it does not appear that further
26  leave to amend would be warranted. Accordingly, the dismissal is without leave to amend, although
27  it is without prejudice to any rights Cook may have for judicial review upon the conclusion of the
28  administrative proceedings relating to the amended notice of overpayment. The Clerk shall close the

file. No further briefing or motions shall be entertained.

In reaching this decision, the Court has given due consideration to Cook's status as a pro se litigant and to his assertion that he suffers from "mental disabilities." The Court has received and reviewed every document submitted by Cook, whether or not it complied with the rules of the court. The Court understands Cook's contention that this action arose largely from his frustration with his perceived inability to obtain information from the SSA. On the other hand, the Court recognizes that the SSA may not be in a position to respond to every request for information where it is unclear what is being requested or that *any* response would satisfy. The SSA likely is entitled to rely on its policies and procedures in responding to requests for information. The Court appreciates that the SSA provided Cook with instructions regarding filing a claim under the FTCA and regarding the administrative review process as to the amended notice of overpayment. The Court encourages the SSA to take into account during the administrative review process the matters discussed herein, and otherwise to make all practicable efforts to accommodate Cook's circumstances, in an effort to minimize the possibility of a subsequent challenge to the adequacy of that process.

Finally, to the extent that any document submitted by Cook subsequent to the orders entered herein on March 1, 2007 and April 2, 2007, was labeled as or could be considered a "motion," such motion or motions are denied.

IT IS SO ORDERED.

Dated: June 13, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge

C 06 05950 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

James A. Scharf    james.scharf@usdoj.gov, mimi.lam@usdoj.gov

**AND A COPY OF THIS ORDER WAS MAILED TO:**

Michael Cook, T-79529
H-Unit:E1-106
California State Prison-5101
Post Office Box 5246
Corcoran, CA 93212

**Dated: 6/13/07**                              **Chambers of Judge Richard Seeborg**

                                                **By:**      /s/ BAK

C 06 05950 RS

5