**\*E-FILED 7/11/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL COOK,                                                         NO. C 06 05950 RS

        Plaintiff,                                                        **ORDER**

  v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

On July 5, 2007, the Court received a respectful letter from plaintiff Michael Cook challenging the legal accuracy of certain statements made in the Court's order entered on June 13, 2007, granting defendant's motion to dismiss without leave to amend. In view of Cook's status as a *pro se* litigant, the Court will deem Cook's letter to be a motion brought under any procedurally-appropriate mechanism for challenging the June 13th order, including, if applicable, a motion for reconsideration or a motion under Rule 60 of the Rules of Federal Civil Procedure.

Nevertheless, even deeming the letter to be a procedurally proper motion, it must be denied. The letter asserts, (1) Cook holds a legally cognizable property interest in any Social Security benefit checks issued to him even if any such checks were issued in error and were not actually received and negotiated by him, and (2) the concept of "constructive receipt" may have some applicability to Cook's circumstances. To the extent that anything stated in the Court's June 13th order is contrary to the arguments made in Cook's letter, such matters were not necessary to the issues decided by the Court and are therefore not binding findings of fact or conclusions of law. Dismissal of Cook's action was premised solely on the facts that "(1) to the extent Cook [was]

1

attempting to state a tort claim, he failed to present an administrative claim prior to filing as required by the Federal Tort Claims Act, 28 U.S.C. 2675 ("FTCA"), and; (2) to the extent Cook [was] attempting to challenge a decision made by the Commissioner of Social Security regarding the payment of benefits, he . . . failed to undertake the administrative review process that is a prerequisite to suit. See 42 U.S.C. § 405 (g) and (h)." June 13th Order at 2:4-9 (footnote omitted).

Cook remains free to make the arguments set forth in his letter during the course of any administrative proceedings, or, in the event he subsequently satisfies the prerequisites for judicial review of any determinations made in such administrative proceedings, during the course of any such judicial review. Accordingly, even assuming the contentions made in Cook's letter are legally correct, they would not support a change in the judgment. The "motion" is therefore denied.

IT IS SO ORDERED.

Dated: July 11, 2007

RICHARD SEEBORG
United States Magistrate Judge

C 06 05950 RS

2

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

James A. Scharf    james.scharf@usdoj.gov, mimi.lam@usdoj.gov

**AND A COPY OF THIS ORDER WAS MAILED TO:**

Michael Cook T-79529
CSP Sacramento
P.O. Box 290066
Represa, CA 95671

Dated: July 11, 2007

　　　　　　　　　　　　　　　　　　　　/s/ BAK
　　　　　　　　　　　　　　　　　　　　Chambers of Magistrate Judge Richard Seeborg

C 06 05950 RS

3