*E-FILED 8/7/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL COOK,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.

NO. C 06 05950 RS

**ORDER**

On July 27, 2007, plaintiff Michael Cook filed a document entitled "motion to allow new filing to be activated immediately." Cook included what appears to be a proposed new or amended complaint, prepared on the form provided for prisoners bringing claims under 42 U.S.C. § 1983.[1]  In the "statement of claim" portion of that form, Cook asserts that he has "a property interest in all benefits checks paid to [him], whether actually received or constructively received, whether in error or not in error."  Cook seeks to compel the Social Security Administration to forward to his current address all checks previously sent to him that were returned to the SSA.

Although, as reflected in prior orders, the precise nature of the claims Cook has asserted in this action has not always been entirely clear, and appeared to evolve over time,  the allegations in the new form complaint comprise the essence of what the Court recognized and accepted as Cook's claims.  In other words, although the new form complaint contains the most clear and succinct

---

[1] Cook recognizes that the form is designed for use to state claims against the institution in which the plaintiff is imprisoned, and he expressly notes that his claim is not against the institution. Whether Cook intends to be invoking 42 U.S.C. § 1983 is less clear, but because his claims do not involve any person acting "under color" of state law, the statute is inapplicable.

1

statement to date of Cook's claims and the relief he seeks, it is not substantively different from what the Court previously understood was the primary basis of the claims.

The relief sought by Cook's present motion, however, is less clear. From its title, and from some of its statements, it appears that Cook is merely seeking expedited action on the claims he alleges in his new form complaint. The motion reflects several misunderstandings of the applicable law and court procedure. First, Cook asserts that "for some unknown reason the U.S. District Court does not pick up filings until 9 months to a year . . . ." Case files are opened and case management schedules are set immediately when complaints are filed. In the ordinary course, the first case management conference will be held within approximately 90 days. In the meantime, any properly served defendant ordinarily will have been required to answer the complaint, or to file a motion to dismiss. Although any motion to dismiss may not be immediately heard or decided, the assertion that the Court does not "pick up" cases for nine months to a year is incorrect. In this case, for example, the Court's file was opened on September 26, 2006, when defendant removed the action from the small claims division of Santa Clara Superior Court. The Court's first order dismissing the complaint issued on December 8, 2006, just over two months later.

Moreover, Cook's asserted concern that any delay in "picking up" cases affects the statute of limitations is unfounded. If a complaint is timely when filed, it simply does not matter how long it takes to decide. The statute of limitations is "tolled"–it stops running as to the matters alleged in the complaint–once the complaint is filed. Thus, to the extent that Cook's present motion seeks some form of relief related to how quickly his new form complaint would be "picked up," it is without merit and is denied.[2]

Cook's motion also refers to Rule 60 of the Federal Rules of Civil Procedure. As noted, Cook has also submitted what appears to be a proposed new or amended complaint. Therefore, the motion arguably is one seeking reconsideration or other relief from the prior order and judgment dismissing the complaint without leave to amend. To the extent Cook seeks such relief, the motion

---

[2] Because the Court has also construed the motion as seeking relief from the judgment, however, and has issued this order, Cook has in fact obtained expedited attention to his new form complaint.

2

still must be denied. Cook asserts that the prior dismissal was based on his failure to submit a tort claim prior to bringing this action, and that he now can truthfully allege that he brought such a claim. Cook is mistaken as to the basis of the Court's prior ruling.  Even though defendant moved for dismissal based *in part* on Cook's failure to file a tort claim *before* filing suit, the Court's decision was not based on that argument.  Rather, as the order granting dismissal expressly stated:

> In a supplemental declaration submitted after the motion to dismiss was filed, defendant acknowledges that Cook apparently filed a claim under the FTCA on February 26, 2007, and that the SSA denied the claim.  Defendant contends that submission of a claim under the FTCA *after* commencement of litigation does not cure the jurisdictional defect.  As noted in the Court's prior order, Subparagraph (d)(5) of 28 U.S.C. § 2679 provides that when the United States is substituted as a defendant in an action against a government employee and the action is subsequently dismissed for failure to comply with the Tort Claims Act, the claimant then has sixty days within which to present the claim, provided that a claim would have been timely on the date that the action was first filed.  Defendant has not addressed the possible effect of this provision.  Nevertheless, the Court agrees that Cook has not stated an actionable tort claim.

June 13, 2007, Order at 2, n.2. (Docket No. 65).

Thus, this action was *not* dismissed base on Cook's failure to file a tort claim before bringing suit, but based on the fact that his allegations did not state an actionable tort claim.  Nothing in Cook's proposed new or amended complaint changes that analysis, warrants reconsideration, relief under Rule 60, or any other change in the judgment.  As noted above, while Cook has crystalized his theory with greater clarity than before, it fundamentally is the same claim the Court previously rejected.  The claim was rejected because Cook failed to exhaust his administrative remedies prior to bringing suit.

As noted in prior orders, it appears Cook has now filed a timely administrative challenge that will address most if not all of the very issues he is continuing to press in this proceeding.  The Court's June 13, 2007, order expressly cautioned defendant that the circumstances might warrant careful examination of and analysis into the circumstances surrounding the checks about which Cook is complaining.  The Court's July 11, 2007 order advised Cook that nothing in the prior order precludes him from making his arguments regarding "constructive receipt" or erroneously-issued checks during the course of the administrative proceedings.  There simply is no further relief from this Court that Cook possibly is entitled to at this time.

3

As suggested in the July 11, 2007 order, it could be that Cook will eventually be entitled to judicial review of any adverse determination made in the administrative proceedings. Assuming Cook meets the prerequisites for such review, he would need to file a *new* action, in compliance with the rules applicable to such proceedings. See, e.g. Local Civil Rule 16-5.[3] In the meantime, Cook is advised that there appears to be no conceivable basis to seek further relief in this particular action, and he is strongly discouraged from filing any further "motions," letters, or other pleadings herein.

IT IS SO ORDERED.

Dated: 8/6/07

RICHARD SEEBORG
United States Magistrate Judge

---

[3] Were such an action initiated and assigned to another judicial officer, any party would be entitled to file a "Administrative Motion to Consider Whether Cases Should be Related" under Local Civil Rule 3-12 (b) and to request that the matter be reassigned to the undersigned. The Court will address that issue only if and when it arises.

C 06 05950 RS

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2  James A. Scharf     james.scharf@usdoj.gov, mimi.lam@usdoj.gov

4  **AND A COPY WAS MAILED TO:**

Michael Cook
T-79529
California State Prison Sacramento - New Folsom
P. O. Box 290066
Represa, CA 95671

8  **Dated: 8/7/07**                                            **Chambers of Judge Richard Seeborg**

                                                              **By:**       /s/ BAK

United States District Court
For the Northern District of California

C 06 05950 RS

5