United States District Court
For the Northern District of California

**\*E-FILED 10/11/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL COOK,

        Plaintiff,

  v.

UNITED STATES OF AMERICA,

        Defendant.

                                        /

NO. C 06 05950 RS

**ORDER**

In this action, plaintiff Michael Cook contends the Social Security Administration ("SSA") has wrongfully failed to forward to his current address certain Supplemental Security Income benefit checks that were previously mailed to him but returned as undeliverable. On August 7, 2007, the Court entered an order stating, among other things: "it could be that Cook will eventually be entitled to judicial review of any adverse determination made in the administrative proceedings. Assuming Cook meets the prerequisites for such review, he would need to file a *new* action, in compliance with the rules applicable to such proceedings. See, e.g. Local Civil Rule 16-5. In the meantime, Cook is advised that there appears to be no conceivable basis to seek further relief in this particular action, and he is strongly discouraged from filing any further 'motions,' letters, or other pleadings herein." August 17, 2007, Order at 4:1-6 (footnote omitted).

Notwithstanding this clear direction that Cook should not continue to submit papers or seek relief in this action, he has continued to do so. Most recently, Cook has submitted a letter and other documents requesting: (1) "any kind of assistance [the Court] could render" with respect to his claim that the SSA is not permitting him to exhaust his administrative remedies, and (2) that he be

1

provided an appropriate "form" for filing a claim against a person acting under the color of state law.

Cook's first request is based on the fact that the SSA apparently has informed Cook that he has no right to review by an Administrative Law Judge of a decision issued by the SSA on July 27, 2007. The SSA appears to be taking the position that because that decision *waived* SSA's right to recover an asserted overpayment of $3336.78, Cook cannot be aggrieved by the decision and there is nothing left for him to appeal. It is not immediately clear whether the SSA's position that its decision left nothing for Cook to challenge is tenable. The July 27, 2007 decision included a finding that six specific SSI checks were returned to the SSA. In what appears to be subsequent handwritten interlineations to that decision, presumably made by an SSA employee in communication with Cook, the agency seems to explain further that Cook is not entitled to recover any of the returned checks because he was incarcerated during the months to which those checks pertain. The SSA may be correct that Cook is not entitled to those checks if he was incarcerated, but it appears to be *that* aspect of the July 27, 2007 decision that he wished to challenge in a hearing before an Administrative Law Judge. Accordingly, the fact that overpayment was *waived* in connection with checks sent for certain *other* months does not appear to establish conclusively that Cook could not be considered aggrieved by the decision that he is not entitled to the monies represented by the checks that were returned to the SSA unnegotiated.

That said, Cook's request that the Court somehow compel the SSA to "permit" him to "exhaust" his administrative remedies must be denied. Cook either was entitled to a hearing before an Administrative Law Judge or he was not, but as a general rule, an agency that asserts a particular administrative remedy is not available will not thereafter be able to argue that judicial review is foreclosed solely as a result of the claimant's failure to exhaust that remedy. In other words, the basis for Cook's request seems to be his contention that he is not being "allowed" to exhaust his administrative remedies, but if that is true, then he likely *has* exhausted his remedies and should proceed as directed in the Court's August 7, 2007 Order. Nothing in this Order, however, is a finding of fact or a conclusion of law as to whether or not Cook has indeed exhausted his administrative remedies.

Cook's second request, asking that he be provided a "form" for filing a claim against a

2

person acting under the color of state law is also denied. It appears Cook has misunderstood the Court's August 7, 2007 Order, which addressed a proposed complaint that Cook had submitted on a form available to prisoners for bringing complaints under 42 U.S.C § 1983. The claims Cook has attempted to assert in this action, although not always entirely clear, have plainly been against the *federal* government or its employees for actions taken under the color of *federal* law. To the extent Cook wants a "form" to pursue further his complaints against the SSA in connection with the matters he has raised in this action, 42 U.S.C § 1983 is simply inapplicable. To the extent Cook may wish to raise *other* claims, unrelated to this proceeding, against persons acting under the color of *state* law, it is evident that he already has access to forms designed for bringing such claims.

Finally, Cook is hereby advised that, absent a legal obligation to act otherwise, the Court intends to: (1) disregard any further letters or other documents filed by Cook in this action, whether filed, marked as "received," or sent directly to chambers, and; (2) dispose of any document filed as a "motion" by minute order stating only "motion denied."

IT IS SO ORDERED.

Dated: October 10, 2007

RICHARD SEEBORG
United States Magistrate Judge

C 06 05950 RS

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

James A. Scharf     james.scharf@usdoj.gov, mimi.lam@usdoj.gov

**AND A COPY OF THIS ORDER WAS MAILED TO:**

Michael Cook T-79529
CSP Sacramento
P.O. Box 290066
Represa, CA 95671

Dated: October 11, 2007

/s/ BAK
Chambers of Magistrate Judge Richard Seeborg

C 06 05950 RS